IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BALTAZAR P. LUNA,

    Petitioner,

v.

BEN CURRY, Warden,

    Respondent.

No. C 09-0474 SBA (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

(Docket no. 17)

    Petitioner Baltazar P. Luna, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the 2007 denial of parole by the California Board of Parole Hearings (Board).

    On August 27, 2009,[1] the Court found that Petitioner's claim appeared cognizable under § 2254 and ordered Respondent to show cause why a writ of habeas corpus should not be granted.

    Before the Court is Respondent's motion to dismiss the petition as moot. Respondent alleges that the Board found Petitioner suitable for parole on September 28, 2009. Respondent argues that the Board's 2009 decision finding Petitioner suitable for parole renders moot the present challenge to the Board's 2007 parole denial. Petitioner filed an opposition to the motion to dismiss, and Respondent filed a reply.

    Respondent has since filed a "Notice of Parole Release," stating that on February 25, 2010, the Governor declined to review the Board's decision to grant Petitioner parole, and that Petitioner has since been released on parole on March 4, 2010. (Not. of Parole Release at 2.)

    For the reasons set forth below, the Court finds the petition is moot and DISMISSES the instant petition.

---

[1] A clerical error has been discovered in the case record. In accordance with Rule 60(a) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to make the following administrative correction to the record. The Court's Order to Show Cause (docket no. 6) contains an incorrect date of signing. It states that it was signed on August 27, 2005, which is the incorrect year that the Order was signed. The prior order should be corrected to reflect the correct year of 2009.

**DISCUSSION**

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. Throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

Here, the Board has found Petitioner suitable for parole and released him from state prison on parole. As this is the relief Petitioner seeks in the petition, Respondent argues that the petition is moot.

A habeas challenge to the denial of parole becomes moot if the petitioner is released on parole before the court considers his petition. See Burnett v. Lampert, 432 F.3d 996, 997 (9th Cir. 2005). In Burnett, the petitioner had been released on parole and reincarcerated on a parole violation before the court considered his habeas petition challenging the deferral of the original parole date. The court rejected the petitioner's request to accelerate his eventual release date by the amount of time the original parole date had been unlawfully deferred -- in effect to accelerate his current release date to make up for a past unlawful deferral -- because the lawfulness of the current incarceration following a parole violation had not been challenged, the original sentence/conviction had not been challenged, and the petitioner was not currently in custody because his original parole release date had been delayed. See id. at 999-1000. Similarly, the present petition does not challenge his original sentence or conviction, and Petitioner does not demonstrate that he is currently in custody because of the delay of his original parole release date. The Burnett habeas petition had to be dismissed as moot because the court could not redress the petitioner's injury with a favorable judicial decision in a habeas action. See id. at 999 (leaving open the possibility that the petitioner could seek other remedies, such as damages, for the alleged illegal detention). Likewise, the present petition must be dismissed as moot because a favorable decision herein will not provide Petitioner with redress that he has not already received.

Accordingly, the Court GRANTS Respondent's motion to dismiss the federal petition as moot.

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition (docket no. 17) is GRANTED. The petition for a writ of habeas corpus is DISMISSED as moot.

The date of signing of the Court's Order to Show Cause (docket no. 6) should be corrected to reflect the correct year of 2009.

The Clerk of the Court shall enter judgment for Respondent, terminate all pending motions, and close the file. The parties shall bear their own costs.

This Order terminates Docket no. 17.

IT IS SO ORDERED.

DATED: 3/16/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.09\Luna0474.GRANTdismiss(moot).wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALTAZAR P. LUNA, | Case Number: CV09-00474 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| BEN CURRY et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 18, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Baltazar P. Luna D-32948
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Dated: March 18, 2010

Richard W. Wieking, Clerk

By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\HC.09\Luna0474.GRANTdismiss(moot).wpd

United States District Court
For the Northern District of California